Filed 11/22/22  P. v. Miner CA2/8
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY DOUGLAS MINER,<br><br>    Defendant and Appellant. | B301803<br><br>Los Angeles County<br>Super. Ct. No. LA044952 |

APPEAL from an order of the Superior Court of Los Angeles County, Alan Schneider, Judge.  Reversed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Gregory Douglas Miner appeals the trial court's denial of his request for resentencing under former Penal Code section 1170.95. (Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).)

On March 30, 2021, we held that Miner's special circumstance findings made him ineligible for resentencing and we affirmed the trial court's ruling. On October 19, 2022, the Supreme Court directed us to vacate that decision and reconsider in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Miner and the prosecution now agree we should reverse the trial court. We reverse and remand for further proceedings.

Statutory citations are to the Penal Code.

In 2007, a jury convicted Miner of two counts of first degree robbery (§ 211), one count of first degree burglary (§ 459), and two counts of first degree murder (§ 187, subd. (a)). The jury found true special circumstances that each murder occurred during a robbery and burglary. (§ 190.2, subd. (a)(17).) It also found Miner personally used a knife in the murders, robberies, and burglary. (§ 12022, subd. (b)(1).)

On February 19, 2019, Miner filed a petition for resentencing under former section 1170.95. The court denied the petition. It found Miner failed to make a prima facie case because of the jury's special circumstance and knife findings, and because the murder victims were stabbed and their house was set on fire. The court reasoned that Miner was the actual killer or a major participant who acted with reckless indifference to human life.

We agree with Miner and the prosecution that we must reverse because of *Strong*. In *Strong*, the California Supreme

Court held that felony-murder special circumstance findings that predate *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 do not preclude relief under section 1172.6 at the prima facie stage. (*Strong, supra,* 13 Cal.5th at pp. 717–718.) Furthermore, courts cannot independently examine the record at the prima facie stage to evaluate whether there is sufficient evidence to sustain special circumstance findings under *Banks* and *Clark*. (*Id.* at pp. 718–720.)

We remand for the trial court to issue an order to show cause under section 1172.6, subdivision (c) and to follow the procedures of section 1172.6, subdivision (d).

## DISPOSITION

We reverse the order denying Miner's resentencing petition and remand for further proceedings under Penal Code section 1172.6, subdivisions (c) and (d).

WILEY, J.

We concur:

STRATTON, P. J.

GRIMES, J.

3